DANIEL E WILLIAMS (ISB 3920)
JONES WILLIAMS FUHRMAN GOURLEY, P.A.
225 N. 9th Street, Suite 820
P.O. Box 1097
Boise, ID 83701-1097
Telephone: (208) 331-1170
Fax: (208) 331-1529
dwilliams@idalaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF IDAHO

| | |
|---|---|
| BRANDI L. KISSACK, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>ARAMARK CAMPUS, LLC, a Delaware limited liability company, ARAMARK FHC CAMPUS SERVICES, LLC, a Delaware limited liability company, ARAMARK FOOD & SUPPLY SERVICES GROUP, INC., a Delaware corporation, all wholly-owned subsidiaries of ARAMARK CORPORATION, a Delaware corporation,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Brandi L. Kissack, for her complaint against Defendants, claims and alleges:

## PRELIMINARY STATEMENT

1. Brandi L. Kissack (Ms. Kissack or Plaintiff) was a baker for Aramark Campus, LLC, under contract with Boise State University at 1910 W. University Drive, Boise, Idaho.

**COMPLAINT AND DEMAND FOR JURY TRIAL, P. 1**

Throughout Plaintiff's employment, she was subjected to a sexually hostile working environment. Offensive sexual remarks were frequently made to female employees by coworkers and even those in management.

2. Ms. Kissack brings suit under Title VII of the Civil Rights Act of 1964, as amended and codified at 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Idaho Human Rights Act, Idaho Code § 67-5901, *et seq.* ("IHRA"), and state law.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted under 29 U.S.C. § 216(b) of the FLSA. The Court has supplemental jurisdiction of Ms. Kissack's state law claims under 28 U.S.C. § 1367.

5. The acts allegedly occurred in Ada County, Idaho and established the claims allegedly. The employment practices alleged to be unlawful were committed within this jurisdiction, and venue is proper in the Southern Division of the District of Idaho under 28 U.S.C. § 1391(a)(3) and under Dist.Idaho Loc.Civ.R. 3.1.

## PARTIES

6. Ms. Kissack is a citizen of the State of Idaho and a resident of Ada County, Idaho. She was an employee of Defendants at all relevant times. Ms. Kissack was issued a Notice of Right to Sue dated February 20, 2019, and has filed this action within 90 days of her receipt of such.

7. Defendant Aramark Campus, LLC ("Aramark" or "Defendant") is a Delaware limited liability company; Aramark FHC Campus Services, LLC, is a Delaware limited liability company; Aramark Food & Supply Services Group, Inc., is a Delaware corporation; all are wholly owned subsidiaries of Defendant Aramark Corporation, a Delaware Corporation

**COMPLAINT AND DEMAND FOR JURY TRIAL, P. 2**

(collectively "Aramark"). At all relevant times, Aramark provided contracted food services for students, faculty, staff and guests at Boise State University ("BSU"). Aramark employed approximately 410 employees at BSU. Defendant is an employer within the meaning of the Title VII and the IHRA.

## FACTUAL BACKGROUND

8. Brandi L. Kissack was hired as a full-time baker with benefits in the Catering Department at Boise Statement University on or about August 19, 2015. In December 2015, she became a full- time employee and on or about that same time, she was promoted to the role of Bakery Supervisor. Her responsibilities as Bakery Supervisor included, but were not limited to, managing the general operations of the Bakery, ordering supplies, conducting inventory and scheduling associates.

9. Throughout Ms. Kissack's employment, she was subjected to a sexually hostile working environment. Inappropriate sexual remarks are frequently made to female employees by coworkers and even those in management. She was the subject of multiple sexually offensive comments, which include but are not limited to:

    a. On one occasion, the front manager, Scott Vickers, told Ms. Kissack that another female employee "wasn't his type," because he preferred "real women" like Ms. Kissack and that he was an "ass man," not a "tit man;"

    b. Scott Vickers told Ms. Kissack that he wanted his wife's friend to sit on his face;

    c. Scott Vickers telling Ms. Kissack on multiple occasions that he wanted to "take me down to the basement;"

    d. Scott Vickers asking Ms. Kissack to send him nude photos of herself;

  e. Scott Vickers describing to Ms. Kissack his sex life with his wife;

  f. Cook Noel Argot regularly made comments to Ms. Kissack such as "I'd like to have a piece of that" in reference to a female co-workers or BSU student customer;

10. In February 2016, Ms. Kissack complained to Aramark's Director of Operations, Carol Scott, that the executive chef had repeatedly called her husband a "pussy" to other workers. Ms. Scott told her to "put on your big girl panties."

11. In early 2017, Ms. Kissack filed an anonymous complaint with Aramark. To her knowledge, there was no follow up or investigation of her claims; however, she believes management was notified of her complaint and knew it was made by her. Management employees began harassing Ms. Kissack based on her complaint.

12. In August 2017, a male employee yelled at two female employees and called them offensive and derogatory names. This employee gave a two-week notice after the incident, and instead of being reprimanded for egregious outburst, Aramark management pleaded with him to stay.

13. On August 2, 2017, Ms. Kissack emailed Ashley Browne, Aramark's District Manager for BSU, and requested to speak with her. Ms. Browne responded to Ms. Kissack, providing Ms. Kissack with her telephone number and asked Ms. Kissack to give her a call. Ms. Kissack wrote Ms. Browne on August 3, 2017 stating that she preferred to correspond via email due to hearing loss. Ms. Kissack further stated that she wanted to confirm that Ms. Browne was the correct person to speak to and then mentioned the high turnover rate at BSU, low morale among females and her concerns for other employees. Ms. Browne confirmed she was the correct person to speak to and further advised Ms. Kissack that she could reach out to HRSS,

Aramark's centralized Human Resources team, if Ms. Kissack would like to speak to someone who was not associated with the account.

14. Ms. Kissack subsequently sent Ms. Browne a list of her concerns, which were, in pertinent part, that women are not treated as equals and were often disrespected. Ms. Browne did not respond.

15. Believing reasonably that nothing would come of her complaints, Ms. Kissack gave her two weeks' notice to Aramark Chef Manager, Jeremy Miller, on or around August 2, 2017.

16. During Ms. Kissack's employment, she was denied raises and a promotion. She was told the reasons were that there was not enough money in the budget. Both male and female employees were given raises, but Ms. Kissack was refused a raise in retaliation for complaints about the work environment. However, at the same time that she was denied a raise, a male was hired as her supervisor and was paid $3.00 an hour more than her instead of promoting her to that position. This male employee quit soon after and Ms. Kissack was still not offered the position. She was denied regular yearly raises that were given to male employees for bogus reasons made by managers Jeremiah Miller, Chef Nathan, and Gary Logosz.

17. Other female employees were treated similarly and quit or transferred.

## FIRST CLAIM FOR RELIEF

### (Hostile Work Environment and Constructive Discharge in Violation of Title VII and the IHRA)

18. Plaintiff incorporates paragraphs 1 through 17 above.

19. Defendants were aware of multiple allegations that male employees repeatedly sexually harassed Ms. Kissack. Despite their awareness, Defendants failed to take adequate remedial measures to prevent ongoing sexual harassment within the workplace.

**COMPLAINT AND DEMAND FOR JURY TRIAL, P. 5**

20. The behaviors toward Ms. Kissack were sufficiently pervasive and/or severe as to create a sexually hostile work environment. Defendant and its management supervisors and other co-workers also contributed to the hostile work environment by condoning harassment and/or by harassing Ms. Kissack directly.

21. Defendants failed to take appropriate remedial measures upon Ms. Kissack's early complaints of sexual harassment.

22. Defendants' actions created and condoned a hostile environment in which Ms. Kissack could not perform her job.

23. Defendants' actions and omissions ultimately led to Ms. Kissack's constructive discharge.

24. Defendants' actions were done with reckless disregard of her civil rights, thus entitling her to punitive damages.

25. As a direct and proximate result of Defendants' conduct, Ms. Kissack has suffered economic damages, as well as emotion distress, anguish, humiliation, fear, and anxiety.

## SECOND CLAIM FOR RELIEF

### (Sex Discrimination in Violation of Title VII and the IHRA)

26. Plaintiff incorporates paragraphs 1 through 25 above.

27. Defendants discriminated against Ms. Kissack in substantial or motivating part because of her sex including but not limited to (a) subjecting her to differing terms and conditions than similarly situated male employees; (b) denying her raises and promotions offered to similarly situated male employees; (c) subjecting her to sexual harassment; (d) retaliating against her for reporting sexual harassment; and (e) constructively discharging Ms. Kissack.

28. Defendants' actions and omissions were done with malice or reckless indifference to the federally protected rights of Plaintiff and/or were in reckless disregard of Defendants' societal obligations and committed with conscious indifference to the health and safety of Plaintiff.

29. As a direct and proximate result of Defendants' conduct, Ms. Kissack has suffered economic damages, as well as emotion distress, anguish, humiliation, fear, and anxiety.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. That judgment be entered in favor of Plaintiff as set forth herein, and against Defendants for reasonable monetary damages, including back pay (plus interest or an appropriate inflation factor and an enhancement to offset any adverse tax consequences associated with lump sum receipt of back pay), front pay, benefits, and all other damages owed to Plaintiff, in an amount to be proven at trial;

2. That Plaintiff be awarded costs including, but not limited to, attorney fees, expert fees and other costs and expenses of this litigation pursuant to, *inter alia*, 42 U.S.C. § 1988(c) and 42 U.S.C. §2000e-5(k).

3. That Plaintiff be awarded compensatory damages for injury to her reputation, for adverse effects on her career, and for diminished earning capacity resulting from the discriminatory and retaliatory actions of Defendants;

4. For mental and emotional distress damages;

5. For punitive damages;

6. For pre-judgment and post-judgment interest as provided by law;

7. For injunctive and/or declaratory relief;

**COMPLAINT AND DEMAND FOR JURY TRIAL, P. 7**

7. That Plaintiff be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable;

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all issues pursuant to Rule 38, F.R.C.P.

DATED this 20th day of May, 2019.

JONES WILLIAMS FUHRMAN GOURLEY, P.A.

Daniel E. Williams
Attorneys for Plaintiff