JONES WALDO HOLBROOK & McDONOUGH
Larissa Lee (ISB# 10526)
llee@joneswaldo.com
170 S. Main St., Ste. 1500
Salt Lake City, Utah 84101
Tel: 801-521-3200
Fax: 801-328-0537

Attorney for Defendants
ARAMARK CAMPUS, LLC; ARAMARK FHC
CAMPUS SERVICES, LLC; ARAMARK FOOD &
SUPPORT SERVICES GROUP, INC. (erroneously
sued as "ARAMARK FOOD & SUPPLY SERVICES
GROUP, INC."); and ARAMARK (erroneously sued as
"ARAMARK CORPORATION")

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRANDI L. KISSACK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ARAMARK CAMPUS, LLC, a Delaware limited liability company, ARAMARK FHC CAMPUS SERVICES, LLC, a Delaware limited liability company, ARAMARK FOOD & SUPPLY SERVICES GROUP, INC., a Delaware corporation, all wholly-owned subsidiaries of ARAMARK CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No. 1:19-cv-00184-CWD<br><br>**ANSWER OF DEFENDANTS ARAMARK CAMPUS, LLC, ARAMARK FHC CAMPUS SERVICES, LLC, ARAMARK FOOD & SUPPORT SERVICES GROUP, INC., AND ARAMARK TO PLAINTIFF BRANDI L. KISSACK'S COMPLAINT**<br><br>Date Action Filed:  May 20, 2019 |

ANSWER TO COMPLAINT

## PRELIMINARY STATEMENT

1.      Brandi L. Kissack (Ms. Kissack or Plaintiff) was a baker for Aramark Campus, LLC, under contract with Boise State University at 1910 W. University Drive, Boise, Idaho. Throughout Plaintiff's employment, she was subjected to a sexually hostile working environment. Offensive sexual remarks were frequently made to female employees by coworkers and even those in management.

1.      **RESPONSE:** Defendants Aramark Campus, LLC, Aramark FHC Campus Services, LLC, Aramark Food & Support Services Group, Inc. (erroneously sued as "Aramark Food & Supply Services Group, Inc.") and Aramark (erroneously sued as "Aramark Corporation") (collectively "Aramark" or "Defendants") admit that Plaintiff was a baker for Aramark Campus, LLC, under contract with Boise State University ("BSU"). Defendants deny the allegations of this Paragraph. Defendants specifically deny that Plaintiff, or any other employee, was subjected to a sexually hostile working environment. Defendants further deny that any offensive sexual remarks were made to Plaintiff, or any other employee, by her coworkers or any person in management.

2.      Ms. Kissack brings suit under Title VII of the Civil Rights Act of 1964, as amended and codified at 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Idaho Human Rights Act, Idaho Code § 67-5901, *et seq.* ("IHRA"), and state law.

2.      **RESPONSE:** Defendants admit that Plaintiff purports to bring this lawsuit under the Title VII of the Civil Rights Act of 1964, as amended and codified at 42 U.S.C. § 2000e, et seq., the Idaho Human Rights Act, Idaho Code § 6705901, et seq. ("IHRA"), and state law.

1570342.1

## JURISDICTION AND VENUE

4.[SIC]  Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted under 29 U.S.C. § 216(b) of the FLSA. The Court has supplemental jurisdiction of Ms. Kissack's state law claims under 28 U.S.C. § 1367.

4.[SIC]  **RESPONSE:** This Paragraph consists of legal conclusions to which no response is required, to the extent a response is required, Defendants admit that Plaintiff asserts jurisdiction in this Court based on the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§1331 and 1343. Defendants further admit that Plaintiff asserts this Court has supplemental jurisdiction of her state law claims under 18 U.S.C. § 1367. Defendants deny that Plaintiff has pled any FLSA claims or that she has any grounds on which to do so. The remainder of this Paragraph consists of legal conclusions to which no response is required, to the extent a response is required, Defendants hereby deny the allegations of this Paragraph.

5.    The acts allegedly occurred in Ada County, Idaho and established the claims allegedly. The employment practices alleged to be unlawful were committed within this jurisdiction, and venue is proper in the Southern Division of the District of Idaho under 28 U.S.C. § 1391(a)(3) and under Dist.Idaho Loc.Civ.R. 3.1.

5.    **RESPONSE:** Defendants admit that Plaintiff asserts that to the extent that this Court has subject-matter jurisdiction, venue would be proper in this Court. Defendants deny that any unlawful employment practices were committed in Ada County, Idaho or any place else. The remainder of this Paragraph consists of legal conclusions to which no response is required, to the extent a response is required, Defendants hereby deny the allegations of this Paragraph.

## PARTIES

6.    Ms. Kissack is a citizen of the State of Idaho and a resident of Ada County, Idaho. She was an employee of Defendants at all relevant times. Ms. Kissack was issued a Notice of

Right to Sue dated February 20, 2019, and has filed this action within 90 days of her receipt of such.

6.      **RESPONSE:** Upon information and belief, Defendants admit that Plaintiff is a citizen of the State of Idaho and a resident of Ada County, Idaho. Defendant Aramark Campus, LLC admits that it employed Plaintiff. Defendants Aramark FHC Campus Services, LLC, Aramark Food & Support Services Group, Inc., and Aramark deny that they employed Plaintiff in any capacity. Defendants admit that Plaintiff alleges she was issued a Notice of Right to Sue dated February 20, 2019. Defendants deny that Plaintiff has a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC"). The remainder of this Paragraph consists of legal conclusions to which no response is required, to the extent a response is required, Defendants hereby deny the allegations of this Paragraph.

7.      Defendant Aramark Campus, LLC ("Aramark" or "Defendant") is a Delaware limited liability company; Aramark FHC Campus Services, LLC, is a Delaware limited liability company; Aramark Food & Support Services Group, Inc., is a Delaware corporation; all are wholly owned subsidiaries of Defendant Aramark Corporation, a Delaware Corporation (collectively "Aramark"). At all relevant times, Aramark provided contracted food services for students, faculty, staff and guests at Boise State University ("BSU"). Aramark employed approximately 410 employees at BSU. Defendant is an employer within the meaning of the Title VII and the IHRA.

7.      **RESPONSE:** Defendants admit that Aramark Campus, LLC is a Delaware limited liability company; that Aramark FHC Campus Services, LLC is a Delaware limited liability company; and that Aramark Food & Support Services Group, Inc. is a Delaware corporation. Defendants deny that any is a wholly owned subsidiary of Aramark Corporation, which Defendants admit is a Delaware corporation. Defendants admit that Aramark Campus,

LLC provided contracted food services for students, faculty, staff and guests at Boise State University ("BSU"). Defendant deny that any other named defendant provided such services at BSU. Defendants deny that Aramark FHC Campus Services, LLC, Aramark Food & Support Services Group, Inc., or Aramark employed any person at BSU. As to the remainder of the allegations in this Paragraph, Defendants either lack sufficient information to form a belief as to the facts alleged, and on that basis, deny them; or they consist in legal conclusions to which no response is required, and to the extent a response is required, Defendants hereby deny the allegations of this Paragraph.

## FACTUAL BACKGROUND

8.      Brandi L. Kissack was hired as a full-time baker with benefits in the Catering Department at Boise Statement [sic] University on or about August 19, 2015. In December 2015, she became a full- time employee and on or about that same time, she was promoted to the role of Bakery Supervisor. Her responsibilities as Bakery Supervisor included, but were not limited to, managing the general operations of the Bakery, ordering supplies, conducting inventory and scheduling associates.

8.      **RESPONSE:** Defendants admit that Plaintiff was hired as a full-time baker in the Catering Department at BSU on or about August 2015. Defendants further admit that Plaintiff alleges she was promoted to Bakery Supervisor in December 2015, which role included the specified duties.

9.      Throughout Ms. Kissack's employment, she was subjected to a sexually hostile working environment. Inappropriate sexual remarks are frequently made to female employees by coworkers and even those in management. She was the subject of multiple sexually offensive comments, which include but are not limited to:

1570342.1

a.      On one occasion, the front manager, Scott Vickers, told Ms. Kissack that another female employee "wasn't his type," because he preferred "real women" like Ms. Kissack and that he was an "ass man," not a "tit man;"

b.      Scott Vickers told Ms. Kissack that he wanted his wife's friend to sit on his face;

c.      Scott Vickers telling Ms. Kissack on multiple occasions that he wanted to "take me down to the basement;"

d.      Scott Vickers asking Ms. Kissack to send him nude photos of herself;

e.      Scott Vickers describing to Ms. Kissack his sex life with his wife;

f.      Cook Noel Argot regularly made comments to Ms. Kissack such as "I'd like to have a piece of that" in reference to a female co-workers or BSU student customer;

9.      **RESPONSE:** Defendants hereby deny the allegations of this Paragraph.

10.     In February 2016, Ms. Kissack complained to Aramark's Director of Operations, Carol Scott, that the executive chef had repeatedly called her husband a "pussy" to other workers. Ms. Scott told her to "put on your big girl panties."

10.     **RESPONSE:** Defendants admit that Plaintiff raised concerns in or about February 2016. Defendants deny the remaining allegations of this Paragraph.

11.     In early 2017, Ms. Kissack filed an anonymous complaint with Aramark. To her knowledge, there was no follow up or investigation of her claims; however, she believes management was notified of her complaint and knew it was made by her. Management employees began harassing Ms. Kissack based on her complaint.

11.     **RESPONSE:** Defendants deny that Plaintiff, or any other person, was harassed by Defendants' employees. As to the remainder of the allegations in this Paragraph, Defendants

1570342.1

cannot form a belief as to Plaintiff's "knowledge" or "belie[fs]," and on that basis, deny them; or they consist in legal conclusions to which no response is required, and to the extent a response is required, Defendants hereby deny the allegations of this Paragraph.

12.     In August 2017, a male employee yelled at two female employees and called them offensive and derogatory names. This employee gave a two-week notice after the incident, and instead of being reprimanded for egregious outburst, Aramark management pleaded with him to stay.

12.     **RESPONSE:** Defendants lack sufficient information to form a belief as to the facts alleged, and on that basis, deny them.

13.     On August 2, 2017, Ms. Kissack emailed Ashley Browne, Aramark's District Manager for BSU, and requested to speak with her. Ms. Browne responded to Ms. Kissack, providing Ms. Kissack with her telephone number and asked Ms. Kissack to give her a call. Ms. Kissack wrote Ms. Browne on August 3, 2017 stating that she preferred to correspond via email due to hearing loss. Ms. Kissack further stated that she wanted to confirm that Ms. Browne was the correct person to speak to and then mentioned the high turnover rate at BSU, low morale among females and her concerns for other employees. Ms. Browne confirmed she was the correct person to speak to and further advised Ms. Kissack that she could reach out to HRSS, Aramark's centralized Human Resources team, if Ms. Kissack would like to speak to someone who was not associated with the account.

13.     **RESPONSE:** This Paragraph purports to quote or paraphrase written communications for which the communication itself is the best evidence, and, on that basis, Defendants hereby deny the allegations of this Paragraph.

14.     Ms. Kissack subsequently sent Ms. Browne a list of her concerns, which were, in pertinent part, that women are not treated as equals and were often disrespected. Ms. Browne did not respond.

14.     **RESPONSE:** This Paragraph purports to quote or paraphrase written communications for which the communication itself is the best evidence, and, on that basis, Defendants hereby deny the allegations of this Paragraph.

15.     Believing reasonably that nothing would come of her complaints, Ms. Kissack gave her two weeks' notice to Aramark Chef Manager, Jeremy Miller, on or around August 2, 2017.

15.     **RESPONSE:** Defendants admit that Plaintiff resigned on or about August 2, 2017. As to the remainder of the allegations in this Paragraph, Defendants cannot form a belief as to Plaintiff's "knowledge" or "belie[fs]," and on that basis, deny them; or they consist in legal conclusions to which no response is required, and to the extent a response is required, Defendants hereby deny the allegations of this Paragraph.

16.     During Ms. Kissack's employment, she was denied raises and a promotion. She was told the reasons were that there was not enough money in the budget. Both male and female employees were given raises, but Ms. Kissack was refused a raise in retaliation for complaints about the work environment. However, at the same time that she was denied a raise, a male was hired as her supervisor and was paid $3.00 an hour more than her instead of promoting her to that position. This male employee quit soon after and Ms. Kissack was still not offered the position. She was denied regular yearly raises that were given to male employees for bogus reasons made by managers Jeremiah Miller, Chef Nathan, and Gary Logosz.

16.     **RESPONSE:** Defendants hereby deny the allegations of this Paragraph.

17.     Other female employees were treated similarly and quit or transferred.

8

1570342.1

17.    **RESPONSE:** Defendants hereby deny the allegations of this Paragraph.

### FIRST CLAIM FOR RELIEF
**(Alleged Hostile Work Environment and Constructive Discharge in Violation of Title VII and the IHRA)**

18.    Plaintiff incorporates paragraphs 1 through 17 above.

18.    **RESPONSE:** Defendants hereby re-assert and re-allege their responses to Paragraphs 1-17 as if fully set forth herein.

19.    Defendants were aware of multiple allegations that male employees repeatedly sexually harassed Ms. Kissack. Despite their awareness, Defendants failed to take adequate remedial measures to prevent ongoing sexual harassment within the workplace.

19.    **RESPONSE:** Defendants hereby deny the allegations of this Paragraph.

20.    The behaviors toward Ms. Kissack were sufficiently pervasive and/or severe as to create a sexually hostile work environment. Defendant and its management supervisors and other co-workers also contributed to the hostile work environment by condoning harassment and/or by harassing Ms. Kissack directly.

20.    **RESPONSE:** Defendants hereby deny the allegations of this Paragraph.

21.    Defendants failed to take appropriate remedial measures upon Ms. Kissack's early complaints of sexual harassment.

21.    **RESPONSE:** Defendants hereby deny the allegations of this Paragraph.

22.    Defendants' actions created and condoned a hostile environment in which Ms. Kissack could not perform her job.

22.    **RESPONSE:** Defendants hereby deny the allegations of this Paragraph.

23.    Defendants' actions and omissions ultimately led to Ms. Kissack's constructive discharge.

1570342.1

23.     **RESPONSE:** Defendants hereby deny the allegations of this Paragraph.

24.     Defendants' actions were done with reckless disregard of her civil rights, thus entitling her to punitive damages.

24.     **RESPONSE**: Defendants hereby deny the allegations of this Paragraph.

25.     As a direct and proximate result of Defendants' conduct, Ms. Kissack has suffered economic damages, as well as emotion distress, anguish, humiliation, fear, and anxiety.

25.     **RESPONSE**: Defendants hereby deny the allegations of this Paragraph.

### SECOND CLAIM FOR RELIEF
### (Alleged Sex Discrimination in Violation of Title VII and the IHRA)

26.     Plaintiff incorporates paragraphs 1 through 25 above.

26.     **RESPONSE**: Defendants hereby re-assert and re-allege their responses to Paragraphs 1-25 as if fully set forth herein.

27.     Defendants discriminated against Ms. Kissack in substantial or motivating part because of her sex including but not limited to (a) subjecting her to differing terms and conditions than similarly situated male employees; (b) denying her raises and promotions offered to similarly situated male employees; (c) subjecting her to sexual harassment; (d) retaliating against her for reporting sexual harassment; and (e) constructively discharging Ms. Kissack.

27.     **RESPONSE:** Defendants hereby deny the allegations of this Paragraph.

28.     Defendants' actions and omissions were done with malice or reckless indifference to the federally protected rights of Plaintiff and/or were in reckless disregard of Defendants' societal obligations and committed with conscious indifference to the health and safety of Plaintiff.

28.     **RESPONSE:** Defendants hereby deny the allegations of this Paragraph.

10

29.     As a direct and proximate result of Defendants' conduct, Ms. Kissack has suffered economic damages, as well as emotion distress, anguish, humiliation, fear, and anxiety.

29.     **RESPONSE**: Defendants hereby deny the allegations of this Paragraph.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that one or more of the following additional defenses should be available to Defendants in this matter. Defendants accordingly reserve the right to assert these separate and additional defenses. Upon completion of discovery, if the facts warrant, Defendants may withdraw any of these additional defenses as may be appropriate. Defendants further reserve the right to amend their Answer and Affirmative Defenses, and to assert additional defenses and other claims, as this matter proceeds.

By alleging the matters set forth below, Defendants do not allege or admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters or that Plaintiff is relieved of her burden to prove each and every element of her claims and the damages, if any, to which she is entitled.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

1.     The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Faragher/Ellerth Defense)**

2.     Defendants maintain and enforce policies which prohibit unlawful discrimination and provide a mechanism by which employees may seek to redress instances of unlawful discrimination in the workplace. Plaintiff's claims are barred, in whole or in part, by her failure to take advantage of such preventative or corrective measure.

11

### THIRD AFFIRMATIVE DEFENSE
#### (In Compliance with the Law)

3.        Defendants took reasonable steps to comply with anti-discrimination statutes and any acts in violation of such statutes were in contravention of Defendants' good faith efforts to comply.

### FOURTH AFFIRMATIVE DEFENSE
#### (No Employment Relationship)

4.        Plaintiff was or is not employed by Defendants Aramark FHC Campus Services, LLC, Aramark Food & Support Services Group, Inc., or Aramark and accordingly, Plaintiff has no claims against those Defendants.

### FIFTH AFFIRMATIVE DEFENSE
#### (Failure to Exhaust Administrative Remedies)

5.        Upon information and belief, Defendants aver that Plaintiff has not received a Right to Sue Letter from the EEOC. As of May 8, 2019, the EEOC was conducting an additional investigation of Plaintiff's claims after assuming responsibility for the charge she initially filed with the Idaho Human Rights Commission ("IHRC"). The IHRC closed its investigation on February 20, 2019, after which the EEOC assumed it into its workload. Thus, Plaintiff's claims are barred, in whole or in part, to the extent that she has failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action, as required by Title VII of the Civil Rights Act of 1964, as well as other applicable statutes and/or regulations.

### SIXTH AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

6.        Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

1570342.1

## SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

7.      Plaintiff is estopped from recovering any relief by the Complaint or any purported cause of action alleged therein, based on her conduct and/or representations.

## EIGHTH AFFIRMATIVE DEFENSE
### (Act Outside the Scope of Employment)

8.      To the extent it may later be determined that any person committed unlawful acts as alleged in the Complaint, which Defendants expressly deny, such acts were committed without the knowledge of Defendants and without Defendants' authorization, ratification or notification, and to the extent that such persons were Defendants' employees, such acts were outside the scope of any employee's duties with Defendants. Accordingly, Defendants are not liable to Plaintiff under the doctrine of *respondeat superior* or otherwise for the alleged unlawful acts and conduct of any such persons.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

9.      Plaintiff was and is under a duty to mitigate her damages, if any, and to the extent she has failed to fulfill such duties, Defendants are exonerated from any liability to them, and all damages alleged, if any, are the sole and proximate result of the failure of Plaintiff to mitigate damages.

## TENTH AFFIRMATIVE DEFENSE
### (Legitimate, Non-Discriminatory Reason)

10.      Any and all employment actions taken with respect to Plaintiff were based on one or more legitimate, non-discriminatory and non-retaliatory reasons.

1570342.1

## ELEVENTH AFFIRMATIVE DEFENSE
### (Mixed-Motive)

11.     To the extent that discrimination and/or retaliation are found to be a motivating factor in the employment decisions affecting Plaintiff's employment, which Defendants specifically deny, Defendants allege that legitimate reasons, standing alone, would have induced Defendants to make the same employment decisions.

## TWELFTH AFFIRMATIVE DEFENSE
### (After-Acquired Evidence)

12.     Defendants allege that to the extent during the course of this litigation Defendants acquire any additional evidence of wrongdoing of Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff being either demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claim on liability or damages and shall reduce such claim as provided by law.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Punitive Damages Unconstitutional/Excessive Fines)

13.     An award of punitive damages under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendants' due process and other rights under the United States Constitution, including but not limited to, the Due Process Clause of the Fifth Amendment and section 1 of the Fourteenth Amendment.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Pre-Existing Condition)

14.     To the extent that Plaintiff purportedly has suffered any emotional pain, suffering, inconvenience, mental pain, humiliation, or any other non-pecuniary losses, which Defendants deny, Defendants are not responsible to the extent that some or all of such injuries are due to the

1570342.1

personal circumstances existing in Plaintiff's life during the relevant time or to pre-existing conditions.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Claims Exceed Scope of Administrative Charge)

15.     Plaintiff's claims are barred to the extent that Plaintiff's allegations exceed the scope of any charges she filed with the EEOC and the IHRC.

## ATTORNEYS' FEES

As a consequence of Plaintiff's bringing or maintaining this action, Defendants have been required to retain counsel to defend themselves, and Defendants are entitled to recover their attorneys' fees incurred herein.

## RESERVATION OF RIGHT TO AMEND ANSWER

Defendants have not knowingly or intentionally waived any applicable defenses. Defendants reserve the right to modify, clarify, amend, or supplement these separate or affirmative defenses as discovery proceeds in this case and/or to conform to such facts as may be revealed in discovery or otherwise.

WHEREFORE, Defendants pray as follows:

1.     That the Complaint be dismissed in its entirety;

2.     That Plaintiff's demand for monetary damages be denied in its entirety;

3.     That Plaintiff's demand for attorneys' fees and costs be denied in its entirety;

4.     That Plaintiff's demand for compensatory damages be denied in its entirety;

5.     That Plaintiff's demand for mental and emotional distress damages be denied in its entirety;

6.     That Plaintiff's demand for punitive damages be denied in its entirety;

7.     That Plaintiff's demand for injunctive and declaratory relief be denied in its entirety;

1570342.1

8.    That Plaintiff's demand for such other legal and equitable relief as may be just and proper be denied in its entirety;

9.    That Plaintiff takes nothing by this action;

10.    That judgment be entered in favor of Defendants and against Plaintiff;

11.    That Defendants be awarded their costs of suit and attorneys' fees incurred in the defense of this action; and

12.    For such other and further relief as this Court deems just and proper.

Dated:  June 11, 2019

JONES WALDO HOLBROOK, & MCDONOUGH, PC

By: */s/ Larissa Lee*
        Larissa Lee
        Attorney for Defendants
        ARAMARK CAMPUS, LLC; ARAMARK
        FHC CAMPUS SERVICES, LLC;
        ARAMARK FOOD & SUPPORT
        SERVICES GROUP, INC;. and
        ARAMARK

16

1570342.1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 11th day of June, 2019, I filed the foregoing

electronically through the CM/ECF system, which caused the following parties or counsel to be

served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Daniel E Williams**, Attorney for Plaintiff
Jones Williams Fuhrman Gourley PA
225 N. 9th Street, Suite 820
PO Box 1097
Boise, ID 83701-1776
(208) 331-1170
(208) 331-1529 (fax)
danw@thomaswilliamslaw.com


By: */s/ Larissa Lee*
       Larissa Lee
       Attorney for Defendants

1570342.1